UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUDITH THURMAN,

                               **Plaintiff,**

      -against-

ARGONAUT INSURANCE COMPANY,

                             **Defendant.**
-------------------------------------------------------------X

Case No.: **7:20-cv-08378**

**ANSWER WITH
AFFIRMATIVE
DEFENSES**

Defendant, ARGONAUT INSURANCE COMPANY ("AIC"), by its attorneys LEWIS BRISBOIS BISGAARD & SMITH LLP, answering plaintiff's Complaint, dated October 7, 2020, respectfully states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1" of the Complaint and refers all questions of law to the Honorable Court.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "2" of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "3" of the Complaint.

4.      Admits the allegations contained in paragraph "4" of the Complaint.

5.      Admits the allegations contained in paragraph "5" of the Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT

6.      Denies the allegations contained in paragraph "6" of the Complaint as stated but admits that defendant issued an insurance policy to plaintiff bearing policy number BAN1007666-00 with a policy period of June 14, 2018 to June 14, 2021 (the "Policy"), and refers the Honorable

Court to the complete terms, provisions, exclusions, limitations, and conditions of the Policy and further refers all questions of law to Honorable Court.

     7.     Denies the allegations contained in paragraph "7" of the Complaint.

     8.     Denies the allegations contained in paragraph "8" of the Complaint.

     9.     Denies the allegations contained in paragraph "9" of the Complaint.

     10,     Denies the allegations contained in paragraph "10" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action cognizable in law or equity and therefore the action must be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrines of waiver, estoppel and accord and satisfaction.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Policy does not provide coverage on the basis that the claim at issue, in whole or in part, does not fall within the insurance agreement set forth in the Policy and/or falls within exclusions and/or limitations set forth in the Policy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to coverage under the Policy for the losses alleged in the Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take reasonable steps to avoid, minimize, or mitigate their damages as claimed in the Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with certain terms and/or conditions and/or duties contained in the Policy, thus precluding coverage under said policy and such failure is a bar to this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

All conditions precedent to recovery under the Policy have not been met or satisfied by plaintiff, and AIC denies that any such conditions have been waived.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Timely and/or proper notice and sworn proof of loss for damages have not been tendered in accordance with the Policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Policy does not provide coverage to the extent the damages at issue did not constitute a fortuitous loss of covered property and/or were otherwise pre-existing.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Policy does not provide coverage with respect to the damages alleged in the Complaint as there was no direct physical loss or damage as a result of a covered cause of loss within the meaning of the Policy and/or a matter of law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any coverage owed under the Policy is subject to the applicable policy limits and/or sub-limits, valuation provisions, deductibles, co-insurance penalties and to the extent a mortgage holder is listed on the policy, any payment must include the mortgage holder as a loss payee.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

No coverage is owed to the extent plaintiff seeks recovery for property not covered under the Policy.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Policy contains the following provisions pursuant to which there is no coverage provided for the claim at issue:

### WATER BACK-UP AND SUMP OVERFLOW – SCHEDULE OF LOCATIONS AND LIMITS OF INSURANCE

This endorsement modifies insurance provided under the following:

BROWNSTONE BUILDING AND PERSONAL PROPERTY COVERAGE FORM

**A.** We will pay for direct physical loss or damage to Covered Property, covered under this Policy, caused by or resulted from Water which:

    **1.** Backs up through or overflows from a sewer or drain; or

    **2.** Overflows from a sump, even if the overflow results from mechanical breakdown of a sump pump or its related equipment.

**B.** The coverage described in Paragraph **A.** of this Endorsement does not apply to loss or damage resulting from an insured's failure to:

    **2.** Perform the routine maintenance or repair necessary to keep a sewer or drain free from obstructions.

**D.** With respect to the coverage provided under this Endorsement, Exclusion **B.1.g. Water** in the Cause Of Loss — Special Form is replaced by the following exclusion:

    **g.** **Water**

        **(1)** Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

4

**(2)** Mudslide or mudflow; or

**(3)** Water under the ground surface pressing on, or flowing or seeping through:

    **(a)** Foundation, walls, floors or paved surfaces;

    **(b)** Basements, whether paved or not; or

    **(c)** Doors, windows or other openings.

But if Water, as described in **g.(1)** through **g.(3)**, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage.

All other provisions of this Policy apply.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Policy contains the following exclusions pursuant to which there is no coverage provided for the claim at issue:

This endorsement modifies insurance provided under the following:

COMMERCIAL PROPERTY COVERAGE PART
STANDARD PROPERTY POLICY

### WATER EXCLUSION ENDORSEMENT

**A.** The exclusion in Paragraph **B.** replaces the **Water** Exclusion in this Coverage Part or Policy.

**B. Water**

    **1.** Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether driven by wind (including storm surge);

    **2.** Mudslide or mudflow;

    **3.** Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;

4. Water under the ground surface pressing on, or flowing or seeping through:

    a.    Foundations, walls, floors or paved surfaces;

    b.    Basements, whether paved or not; or

    c.    Doors, windows or other openings; or

5. Waterborne material carried or otherwise moved by any of the water referred to in Paragraph **1.**, **3.** or **4.**, or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in Paragraphs **1.** through **5.**, is caused by an act of nature or is otherwise caused. An example of a situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

But if any of the above, in Paragraphs **1.** through **5.**, results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage (if sprinkler leakage is a Covered Cause of Loss).

\*\*\*

**CAUSES OF LOSS-SPECIAL FORM-BROWNSTONE**

**B.**    **Exclusions**

    **1.**    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

    \*\*\*

    **2.**    We will not pay for loss or damage caused by or resulting from any of the following:

    **d.**    **(1)**    Wear and tear;
                  **(2)**    Rust or other corrosion, decay, deterioration, hidden or latent defect

or any quality in property that causes it to damage or destroy itself.

    **(4)**    Settling, cracking, shrinking or expansion;

**f.**    Continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

**3.**    We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    **a.**    Weather conditions. But this Exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **1.** Above to produce the loss or damage.

    **b.**    Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

    **c.**    Faulty, inadequate or defective:

        **(1)**    Planning, zoning, development, surveying, siting;

        **(2)**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(3)**    Materials used in repair, construction, renovation or remodeling; or

        **(4)**    Maintenance;

        of part or all of any property on or off the described premises.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Policy contains the following limitations pursuant to which there is no coverage provided for the claim at issue:

### C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

   c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

      (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

      (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

No coverage is owed to the extent that plaintiff failed to comply with one or more of the following policy conditions contained in the Policy:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM-BROWNSTONE

E.     **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Property Policy Conditions.

3.     **Duties In The Event Of Loss Or Damage**

a.     You must see that the following are done in the event of loss or damage to Covered Property:

(2)     Give us prompt notice of the loss or damage.  Include a description of the property involved.

(3)     As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4)     Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5)     At our request, give us complete inventories of the damaged and undamaged property.     Include quantities, costs, values and amount of loss claimed.

(6)     As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

9

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)**     Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)**     Cooperate with us in the investigation or settlement of the claim.

**b.**     We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not bring this lawsuit within the applicable statute of limitations period and/or contractual two-year limitations period contained within the policy.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend and/or supplement its affirmative defenses up to and including the date of trial.

**WHEREFORE**, AIC demands judgment dismissing the Complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
       December 9, 2020

10

Yours, etc.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____

Jay Weintraub, Esq.
*Attorneys for Defendant*
**ARGONAUT INSURANCE COMPANY**
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300
Jay.Weintraub@lewisbrisbois.com

TO:

**Matthew S. Aboulafia, Esq.**
**ABOULAFIA LAW FIRM LLC**
*Attorneys for Plaintiff*
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
T: (212) 684-1422
F: (212) 684-1428
*matthew@aboulaw.com*

**Jack Glanzberg, Esq.**
**ABOULAFIA LAW FIRM LLC**
*Attorneys for Plaintiff*
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
T: (212) 684-1422
F: (212) 684-1428
*jack@aboulaw.com*

11

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                                          )ss.:
COUNTY OF NEW YORK   )

JEANNETTE MOLININI, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in Richmond County, New York.

That on **December 9, 2020** she served the within **ANSWER** in the action herein upon:

**Matthew S. Aboulafia, Esq.**
**ABOULAFIA LAW FIRM LLC**
*Attorneys for Plaintiff*
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
T: (212) 684-1422
F: (212) 684-1428
***matthew@aboulaw.com***

**Jack Glanzberg, Esq.**
**ABOULAFIA LAW FIRM LLC**
*Attorneys for Plaintiff*
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
T: (212) 684-1422
F: (212) 684-1428
***jack@aboulaw.com***

Via United States District Court, Southern District of New York Electronic Document Filing System.

_____
JEANNETTE MOLININI

Sworn to before me this
9th day of December, 2020

_____
NOTARY PUBLIC

PETER FRANCIS O'CONNOR
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02OC6361970
COMM. EXP. 7/24/21

4817-8481-0702.2